Lester K. Essig (4033)
Arthur B. Berger (6490)
Adam K. Richards (14487)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah  84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
lessig@rqn.com
aberger@rqn.com
arichards@rqn.com

*Attorneys for Plaintiff At Home LC*

---

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| AT HOME LC, a Utah limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> AT HOME FINANCE CORPORATION, a Delaware corporation, <br><br> Defendant. | Civil No. _____ <br><br> Judge _____ <br><br> COMPLAINT WITH JURY DEMAND |

Plaintiff At Home LC ("Plaintiff") complains and alleges against Defendant At Home

Finance Corporation ("Defendant") as follows:

**NATURE OF THE ACTION AND RELIEF SOUGHT**

1.      This is a civil action for trademark infringement, unfair competition and false

designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), common law trademark

infringement, common law unfair competition, violation of the Utah Registration and Protection

of Trademarks and Service Marks Act, Utah Code Ann. §§ 70-3a-402 and 70-3a-404, violation of the Utah Unfair Competition Act, Utah Code Ann. §§ 13-5a-102 and 13-5a-103, declaratory judgment relief cancelling a federal service mark registration in whole or in part due to abandonment, and declaratory judgment relief cancelling a federal service mark registration in whole or in part due to fraud.

2.      This action is based, inter alia, on Defendant's unauthorized use of Plaintiff's AT HOME service mark and trademark.  Specifically, but without limitation, Defendant makes unauthorized use of the mark AT HOME in connection with retail furniture store services and sales and related services and goods.  Defendant's use of the AT HOME and related marks infringes Plaintiff's long-standing prior rights in the AT HOME mark.

3.      Defendant's conduct violates federal and state law and has caused, and continues to cause, irreparable harm to Plaintiff.  Moreover, in light of the facts below, including Defendant's disregard of a cease and desist letter from Plaintiff and other actions, Defendant's conduct constitutes a knowing and willful infringement of Plaintiff's rights.  As remedies for these wrongs, Plaintiff seeks injunctive relief, destruction of infringing materials, monetary damages, lost profits, treble damages, its costs of suit, its attorney fees, cancellation of a federal service mark registration in whole or in part, and other relief as set forth below.

## THE PARTIES

4.      Plaintiff is a Utah limited liability company formed in 1992 with its principal place of business at 3174 S Highland Drive, Salt Lake City, UT 84106.

5.      On information and belief, Defendant is a Delaware corporation with its principal place of business at 2215 B. Renaissance Drive, Las Vegas, Nevada 80952.

**JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§ 1331 and 1338.

7.      This Court has supplemental jurisdiction over the state law claims asserted herein

pursuant to 28 U.S.C. § 1367 because these claims are so related to the claim in this action

within the Court's original jurisdiction that they form part of the same case or controversy under

Article III of the United States Constitution.

8.      This Court has personal jurisdiction over Defendant because it has conducted

continuous and systematic business in this judicial district, including business directly related to

the marks at issue in this case, and has purposefully directed its activities concerning the mark at

issue in this case to this state.

9.      On information and belief, venue is proper in this district and division pursuant to

28 U.S.C. § 1391(b)(2).

**FACTUAL BACKGROUND**

**PLAINTIFF'S RIGHTS IN THE AT HOME MARK**

10.     Plaintiff has been selling furniture for homes in Utah and beyond for over twenty

four years.  It is locally owned and operated and offers customers a unique and personal

shopping experience.  Plaintiff is a full-service retail furniture store offering a wide selection of

furniture, décor and related services and goods in connection with its AT HOME mark.  Plaintiff

also offers in-store and in-home design services in connection with its AT HOME mark.

11.     Plaintiff is the exclusive owner of and has used the service mark, trademark,

and/or trade name AT HOME in connection with, among other things, retail furniture store

services featuring bedroom, dining room, kitchen, living room, entertainment and other furniture, rugs, lamps, décor, and related services and goods, in commerce, with first use of its mark dating back to on or before November 30, 1993, and with Plaintiff controlling the nature and quality of services and goods offered in connection with the mark.

12.     Plaintiff holds a Utah entity name registration, namely Registration No. 2000451-0160, for the trade name AT HOME LC, granted on April 7, 1994, with another registered name approved prior to that date.

13.     Plaintiff holds a Utah service mark registration and certificate, namely Registration No. 9613147-0190, granted on November 17, 2015, for the mark AT HOME for use in connection with retail furniture store services featuring bedroom, dining room, kitchen, living room, entertainment and other furniture, rugs, lamps, décor, and related and other services and goods.

14.     Plaintiff has used its AT HOME name and mark and offered services and goods in connection with its name and mark to thousands of customers, including, without limitation, in Utah and certain adjoining areas (the "Territory").

15.     Plaintiff has used its AT HOME mark in a wide variety of advertising and promotional mediums in connection with the retail sale of furniture and related services and goods, including, without limitation, on television, radio, newspaper ads, direct mail, brochures, flyers, websites, the internet and more.

16.     Plaintiff has used its AT HOME mark in a variety of trade channels and target markets, including, in particular, those targeting individuals and other customers in need of furniture and furniture store services.

17.     Plaintiff has used its AT HOME mark extensively in connection with its services

and goods and in related advertising such that it is well recognized as a designation of source and

origin referring to Plaintiff.  Plaintiff's AT HOME mark is inherently distinctive and/or has

acquired distinctiveness prior to the infringing acts of Defendant, and has become, through

widespread and favorable public acceptance and recognition, an asset of substantial value to

Plaintiff and a symbol of Plaintiff and its goodwill.

## DEFENDANT'S INFRINGEMENT

18.     Notwithstanding Plaintiff's prior common law and other rights in the AT HOME

mark, Defendant has recently commenced unauthorized use of the AT HOME mark, the marks

AT HOME FOR THANKSGIVING, AT HOME FOR CHRISTMAS, and other variations, with

the marks using the same two dominant distinctive words utilized in Plaintiff's mark, namely the

words AT HOME.

19.     Defendant's use of the AT HOME mark and related variations is in connection

with many of the same types of services as those offered by Plaintiff, including, without

limitation, retail furniture store services featuring bedroom, dining room, kitchen, living room,

entertainment and other furniture, rugs, lamps, décor, and related and other services and goods.

20.     Defendant's use of the AT HOME mark in connection with the services noted

above overlaps the same geographic territory of use as that utilized by Plaintiff with Plaintiff's

AT HOME mark, namely Plaintiff's Territory, including, without limitation, Utah and parts of

certain adjoining areas.

21.     On information and belief, Defendant's use of the AT HOME mark in Plaintiff's

Territory in connection with the services noted above utilizes a wide variety of advertising and

promotional mediums, including many or all of those utilized by Plaintiff, including without limitation, television, radio, newspaper ads, direct mail, brochures, flyers, websites, the internet and more.

22.     On information and belief, Defendant's use of the AT HOME mark in Plaintiff's Territory in connection with the services noted above is in connection with a variety of trade channels and target markets, including those utilized by Plaintiff, namely those targeting individuals and other customers in need of furniture and furniture store services.

23.     On information and belief, Plaintiff first used its AT HOME mark in Utah and adjoining areas many years prior to Defendant's first use of the AT HOME mark in Utah and adjoining areas, and prior to the federal filing and registration dates for Defendant's registered AT HOME marks, thus granting Plaintiff prior exclusive rights as senior user of the AT HOME mark in its Territory.

24.     Defendant's use of the AT HOME mark and related variations is likely to create confusion, deception and mistake as to source, origin, sponsorship, approval and/or affiliation on the part customers, potential customers and others, with many believing that Defendant and/or its services and goods originate from, or are sponsored by, approved by or affiliated with, Plaintiff, or that Plaintiff, and/or its services and goods originate from, or are sponsored by, approved by or affiliated with, Defendant, or to otherwise cause confusion, to cause mistake, or to deceive.

25.     Defendant's wrongful and infringing use of Plaintiff's AT HOME mark and related variations not only creates likelihood of confusion, deception and mistake, but is creating widespread actual confusion in the marketplace within Plaintiff's Territory among customers, potential customers, suppliers, potential employees, interested individuals and businesses.

26.     Actual confusion among customers, potential customers and others has been increasing over time such that it is now often occurring on a daily or nearly daily basis, and sometimes multiple times each day.  Actual confusion has occurred on the part of walk-in customers, phone customers, internet customers, suppliers, prospective employees, and more.

### DEFENDANT'S CONDUCT IS WILLFUL

27.     Defendant has had actual knowledge of Plaintiff's service mark, trademark and trade name rights for some time.

28.     On November 16, 2015 Plaintiff sent a cease and desist letter to Defendant relating to the AT HOME mark by e-mail and first class mail, thus giving Defendant actual notice of Plaintiff's prior rights in the AT HOME mark, and demanding that Defendant immediately cease all infringing conduct, with additional communications sent thereafter also requesting an immediate cessation of infringing conduct.

29.     Despite the cease and desist letter, Defendant thereafter developed and opened another location in Plaintiff's Territory utilizing the AT HOME mark, and is now in the process of developing and opening yet another location with the mark, thereby doubling the number of infringing locations in Plaintiff's Territory since receiving written notice of Plaintiff's prior rights and demands.

30.     Defendant has also been involved in a number of prior legal service mark and trademark disputes and legal proceedings involving the AT HOME mark and related variations, and, based on information and belief, Defendant requested and reviewed service mark and trademark searches identifying the AT HOME mark belonging to Plaintiff.

31.     Despite notice of Plaintiff's prior service mark rights, the related demand letter and other communications, Defendant has refused to cease its infringing use of the AT HOME mark.

32.     Defendant has willfully continued to use the infringing marks despite full knowledge of Plaintiff's prior exclusive service mark rights in the AT HOME mark.

33.     Accordingly, Defendant's conduct is knowing, willful, intentional and deliberate.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement, Unfair Competition and False Designation of Origin – 11 U.S.C. § 1125(a))

34.     Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

35.     Defendant, on or in connection with services, goods and/or packaging or containers for goods, has used and is using the name and mark AT HOME and related variations in commerce, as a word, term, name, symbol and/or device, or as a combination thereof, and/or as a false designation of origin, or false or misleading description or representation, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's services or goods, or commercial activities by Plaintiff.

36.     Defendant's unauthorized use of the AT HOME name and mark is likely to cause confusion, deception, and mistake, including forward and reverse confusion, by creating the false and misleading impression that Defendant, its services and/or goods are affiliated, connected or associated with Plaintiff, or as to the origin, sponsorship, approval or endorsement of Defendant, its services, goods, and/or commercial activities by Plaintiff.

37.     Defendant has attempted to trade on, and currently is trading on, Plaintiff's longstanding and hard-earned goodwill in its AT HOME name and mark and the reputation established by Plaintiff in connection with its AT HOME mark, services and goods, and is creating confusion, deception and mistake among customers, potential customers and others as to the origin, sponsorship and approval of Defendant's services and goods, and is passing off Defendant's services and goods in commerce as those of Plaintiff, and those of Plaintiff as those of Defendant.

38.     On information and belief, Defendant had both actual and constructive notice that it was not authorized to use Plaintiff's AT HOME mark, or any marks deceptively similar thereto.

39.     On information and belief, Defendant's use in commerce of marks identical to or imitating Plaintiff's AT HOME mark was and is done deliberately and willfully, and with the intent to confuse and deceive the public.

40.     Defendant's acts of infringement have caused Plaintiff actual damages in an amount to be proven at trial.  Such damages should be trebled as allowed by 15 U.S.C. § 1117(a).

41.     Plaintiff is further entitled to recover Defendant's profits, the amount of which is currently unknown by Plaintiff, and which amount should be trebled as allowed by 15 U.S.C. § 1117(a).

42.     This is an exceptional case pursuant to 15 U.S.C. § 1117(a), and Plaintiff is therefore entitled to recover its attorneys' fees from Defendant.

43.     Pursuant to 15 U.S.C. § 1117(a), Plaintiff is also entitled to recover its costs of suit.

44.     Plaintiff is being irreparably harmed by Defendant's use of Plaintiff's AT HOME mark.  Plaintiff has no adequate remedy at law.  Plaintiff is therefore entitled to injunctive relief barring Defendant from engaging in further acts violative of 15 U.S.C. § 1125(a).

45.     Plaintiff is also entitled to a court order requiring that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant, bearing the name, mark, word, term, symbol, device, designation, description or representation of AT HOME, or any combination thereof, be delivered up and destroyed as allowed by 15 U.S.C. § 1118.

## SECOND CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

46.     Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

47.     Plaintiff has used its AT HOME mark extensively in advertising and promotional mediums and other contexts in commerce in connection with retail furniture store services and related services and goods in its Territory for more than twenty two years, and thus holds exclusive common law service mark and trademark rights in its AT HOME mark.

48.     Plaintiff first used its AT HOME mark in its Territory many years prior to Defendant's first use of the AT HOME mark in the Territory, and prior to the federal filing and registration dates for Defendant's registered marks, and thus Plaintiff has prior rights as senior user of the AT HOME mark in its Territory.  Plaintiff's common law rights are superior to any rights of Defendant in Plaintiff's Territory.

49.     Plaintiff's mark is inherently distinctive and/or acquired distinctiveness prior to the acts of Defendant complained of herein.

50.     Defendant's use of the marks AT HOME, AT HOME FOR THANKSGIVING, AT HOME FOR CHRISTMAS, and other variations, in commerce, in connection with Defendant's services and goods, creates likelihood of confusion as to source, origin, sponsorship, approval or affiliation as it relates to Plaintiff, its AT HOME mark, and its services and goods, in its Territory, including forward and reverse confusion, and further constitutes a passing off of Defendant's services and goods as those of Plaintiff.

51.     Defendant's actions have caused Plaintiff damages in an amount to be proven at trial for which Plaintiff is entitled to recovery.

52.     Plaintiff is also entitled to Defendant's profits from infringing sales.

53.     In light of the willfulness of Defendant's actions, Plaintiff is entitled to an award of exemplary and punitive damages against Defendant.

54.     Plaintiff is being irreparably harmed by Defendant's infringement.  Plaintiff has no adequate remedy at law.  Plaintiff is therefore entitled to injunctive relief barring Defendant from engaging in further acts of common law trademark infringement.

55.     Plaintiff is entitled to a court order requiring the destruction and/or impoundment of all infringing materials and other relief as provided at common law.

### THIRD CLAIM FOR RELIEF
### (Common Law Unfair Competition)

56.     Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

57.     Through its actions described above, including its unauthorized use of Plaintiff's AT HOME service mark, trademark, and trade name in commerce in the state of Utah and adjoining areas, Defendant is engaged in passing off, palming off, imitating, and/or causing or likely causing confusion, deception or mistake, and unfairly competing at common law.

58.     Through its unlawful use of the AT HOME mark, Defendant is passing off its services and goods to customers and others as if they were the services and goods of Plaintiff, with Defendant creating confusion and reverse confusion as to source, origin, sponsorship, approval and affiliation among customers, potential customers and others relating to the parties, their marks, and services and goods.

59.     Defendant's actions have caused Plaintiff damages in an amount to be proven at trial with Plaintiff entitled to recovery for the same.

60.     Plaintiff is also entitled to Defendant's profits from infringing sales.

61.     In light of the willfulness of Defendant's actions, Plaintiff is entitled to an award of exemplary and punitive damages against Defendant.

62.     Plaintiff is being irreparably harmed by Defendant's infringement.  Plaintiff has no adequate remedy at law.  Plaintiff is therefore entitled to injunctive relief barring Defendant from engaging in further acts of unfair competition.

63.     Plaintiff is entitled to a court order requiring the destruction and/or impoundment of all infringing materials and other relief as provided at common law.

**FOURTH CLAIM FOR RELIEF**
**(Violation of Utah Registration and Protection of Trademarks and**
**Service Marks Act – Utah Code Ann. §§ 70-3a-402 and 70-3a-404)**

64.     Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

65.     Plaintiff owns a Utah service mark registration and a Utah State Certificate of Trademark, Registration No. 9613147-0190, for the mark AT HOME.

66.     Defendant has used a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered AT HOME mark without Plaintiff's consent in connection with the sale, distribution, offering for sale, or advertising of services or goods on or in connection with which that use is likely to cause confusion, mistake, or to deceive as to the source of origin, nature, or quality of those services or goods.

67.     Defendant has reproduced, counterfeited, copied, or colorably imitated Plaintiff's AT HOME mark and applied the reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used upon or in connection with the sale or other distribution in this state of services or goods.

68.     On information and belief, Defendant has acted with the intent to cause confusion or mistake or to deceive, and with knowledge and in bad faith.

69.     Defendant's actions have caused Plaintiff damages in an amount to be proven at trial, and which should be trebled under Utah Code Ann. § 70-3a-404(3)(b), with Plaintiff entitled to the same.

70.     Plaintiff is entitled to Defendant's profits derived from the wrongful manufacture, use, display, or sale of Plaintiff's registered AT HOME mark, which should be trebled under Utah Code Ann. § 70-3a-404(3)(b).

71.     Plaintiff is also entitled to its reasonable attorneys' fees and court costs, including, without limitation, under Utah Code Ann. § 70-3a-404(3)(b).

72.     Plaintiff is being irreparably harmed by Defendant's infringement.  Plaintiff has no adequate remedy at law.  Plaintiff is therefore entitled to injunctive relief barring Defendant from engaging in the manufacture, use, display, or sale of any counterfeits or imitations of Plaintiff's registered AT HOME mark.

73.     Plaintiff is further entitled to an order that any counterfeits or imitations of its registered AT HOME mark in the possession or under the control of Defendant be delivered to Plaintiff to be destroyed pursuant to Utah Code Ann. § 70-3a-404(2)(b).

## FIFTH CLAIM FOR RELIEF
**(Violation of Utah Unfair Competition Act – Utah Code Ann. §§ 13-5a-101 – 13-5a-103)**

74.     Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

75.     Defendant's business acts and practices, as alleged herein, have been and are intentional, as well as unlawful, unfair, or fraudulent, they have led to and will lead to a material diminution in the value of Plaintiff's intellectual property by, among other things, creating confusion and lessening the AT HOME mark's ability to identify and distinguish the source of Plaintiff's goods and services, and constitute infringement of Plaintiff's AT HOME trademark and trade name.

76.     Defendant's unlawful, unfair, or fraudulent business acts and practices have damaged Plaintiff.

77.     Plaintiff is entitled to recover its actual damages, costs and attorney fees, and punitive damages from Defendant as provided by Utah Code Ann. § 13-5a-103.

**<u>SIXTH CLAIM FOR RELIEF</u>**
**(Declaratory Judgment Cancelling Registration Due to Abandonment – 15 U.S.C. § 1064)**

78.     Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

79.     On information and believe, Defendant allegedly acquired certain rights to a federal service mark registration identified as registration number 2273201 (the "Registration") for the mark AT HOME as depicted and registered in a specific stylized design and logo format utilizing a decorative cursive writing style, covering use of the mark with "retail store services, featuring, domestics, furniture, bedding, kitchenware, major appliances, small appliances, housewares, power equipment, electronics, photography, jewelry, cosmetics, toys, giftware, music and video, gardening, handbags, sporting goods, clocks, luggage, home office, grills, clothing, men's and ladies' accessories, shoes, athletic footwear, novelties, food and Christmas items," as registered with the United States Patent and Trademark Office on August 31, 1999.

80.     On information and belief, Defendant allegedly acquired rights to the Registration from Apex, LLC ("Predecessor Apex, LLC") on or around December 17, 2013, which in turn allegedly acquired rights to the Registration from Apex Stores, LLC ("Predecessor Apex Stores, LLC") on or around April 30, 2008, which in turn allegedly acquired rights to the Registration from Apex Incorporated ("Predecessor Apex Incorporated") on or around June 8, 2000

15

(Predecessor Apex, LLC, Predecessor Apex Stores, LLC and Predecessor Apex Incorporated are hereinafter sometimes collectively referred to as the "Predecessors").

81.     On information and belief, the registered mark as set forth in the Registration was abandoned by Apex, LLC, by other Predecessors and/or by Defendant, with respect to some or all of the services set forth in the Registration, including, without limitation, use of the registered mark with retail store services featuring furniture and some or all other services and goods described in the Registration, due to a cessation of use of the registered mark in commerce in connection with the foregoing, with no intent to renew said use, and with a presumption of abandonment after three years of said non-use.

82.     On information and belief, an affiliate, predecessor or entity potentially related to or in privity with Defendant, namely GR Development, LLC, also alleged abandonment of the Registration in a United States Trademark Trial and Appeal Board cancellation action commenced before Defendant acquired the Registration in a manner inconsistent with Defendant's current position.

83.     Based on the facts and claims set forth in this Complaint, there is an actual controversy concerning these issues.

84.     Plaintiff believes it will be damaged by registration of the mark on the principal register, and upon payment of the fee required and paid herewith, may, at any time, petition to cancel Defendant's Registration for the mark, and does hereby petition to cancel the same, on grounds that the registered mark has been abandoned pursuant to 15 U.S.C. § 1064.

85.     Pursuant to 15 U.S.C. §§ 2201, 2202, Plaintiff is entitled to a declaratory judgment from this Court declaring that Defendant's United States Service Mark Registration

number 2273201 is invalid and is to be cancelled, in whole or in part, with respect to all services for which abandonment has occurred as it relates to the registered mark, including without limitation, retail store services featuring furniture, and other services and goods as set forth in the Registration.

## SEVENTH CLAIM FOR RELIEF
**(Declaratory Judgment Cancelling Registration Due to Fraud – 15 U.S.C. § 1064)**

86.     Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

87.     On information and believe, Defendant allegedly acquired certain rights to the Registration for the mark AT HOME as depicted and registered in a specific stylized design and logo format utilizing a decorative cursive writing style, covering use of the mark with "retail store services, featuring, domestics, furniture, bedding, kitchenware, major appliances, small appliances, housewares, power equipment, electronics, photography, jewelry, cosmetics, toys, giftware, music and video, gardening, handbags, sporting goods, clocks, luggage, home office, grills, clothing, men's and ladies' accessories, shoes, athletic footwear, novelties, food and Christmas items," as registered with the United States Patent and Trademark Office on August 31, 1999.

88.     On information and belief, Defendant allegedly acquired rights to the Registration from Predecessor Apex, LLC on or around December 17, 2013, which in turn allegedly acquired rights to the Registration from Predecessor Apex Stores, LLC on or around April 30, 2008, which in turn allegedly acquired rights to the Registration from Predecessor Apex Incorporated on or around June 8, 2000.

17

89.     On information and belief, the Registration for the registered mark was obtained fraudulently or contrary to the provisions referenced in 15 U.S.C. § 1064, in that the mark was not in use in commerce on or in connection with all of the claimed services set forth in the application at the time of filing the corresponding application on April 25, 1995, in that the mark was not in use in commerce on or in connection with all of the claimed services set forth in the Registration at the time of filing the Combined Declaration of Use and Incontestability under sections 8 and 15, and in that the mark was not in use in commerce on or in connection with all of the claimed services set forth in the Registration at the time of filing the Combined Declaration of Use in Commerce and Application for Renewal of a Mark under sections 8 and 9, and that the specimens of use as submitted did not meet the necessary requirements for use of the registered mark in commerce with the services or otherwise evidenced use of a mark other than the AT HOME mark.

90.     On information and belief, an affiliate, predecessor or entity potentially related to or in privity with Defendant, namely GR Development, LLC, also alleged fraud relating to the Registration in a United States Trademark Trial and Appeal Board cancellation action commenced before Defendant acquired the Registration in a manner inconsistent with Defendant's current position.

91.     Based on the facts and claims set forth in this Complaint, there is an actual controversy concerning these issues.

92.     Plaintiff, as a person who believes he will be damaged by registration of the mark on the principal register, and upon payment of the fee required and paid herewith, may, at any time, petition to cancel Defendant's Registration for the mark, and does hereby petition to cancel

the same, on grounds that the registration for the mark was obtained fraudulently or contrary to the provisions referenced in 15 U.S.C. § 1064, pursuant to 15 U.S.C. § 1064, including, without limitation, on the grounds noted above.

93.     Pursuant to 15 U.S.C. §§ 2201, 2202, Plaintiff is entitled to a declaratory judgment from this Court declaring that Defendant's United States Service Mark Registration number 2273201 is invalid and is to be cancelled, in whole or in part, with respect to all services for which the registration for the mark was obtained fraudulently or contrary to the provisions referenced in 15 U.S.C. § 1064, including, without limitation, retail store services featuring furniture, and other services and goods as set forth in the Registration.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable.

WHEREFORE, Plaintiff prays:

1.     That Defendant, its agents, servants, employees, representatives, and all persons acting in concert or participation with Defendant, be preliminarily and permanently enjoined and restrained from:

a.     Directly or indirectly in the state of Utah and those areas adjoining thereto (including western Colorado, western Wyoming, and southern Idaho) using in commerce, reproducing, advertising, displaying, selling, offering for sale, or distributing any services or goods whatsoever in connection with, or that contain or utilize, the marks AT HOME, AT HOME FOR THANKSGIVING, and/or AT HOME FOR CHRISTMAS, and any

words, marks or variations that use the words AT HOME or that are similar to any of the foregoing, in any style, form, media or medium whatsoever; and

        b.      Taking any other act or acts calculated or likely to cause confusion, deception or mistake in the mind of the public or to lead customers, potential customers or others into the belief that Defendant's services or goods originate from, or are authorized, sponsored, approved, licensed, endorsed, or promoted by Plaintiff or are otherwise affiliated with or connected to Plaintiff.

2.      That Defendant be directed to file with the Court and serve on Plaintiff within thirty days after the service of any injunction order, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction.

3.      For an order that Defendant destroy all infringing materials of Defendant and its affiliates and licensees that contain the AT HOME mark or related variations as used in or contemplated for use in Utah and adjoining areas (including western Colorado, western Wyoming, and southern Idaho).

4.      For an order that Defendant promulgate advertising to correct and/or prevent any customer, potential customer or other confusion or false associations it has created or made in the marketplace.

5.      That an accounting be ordered and judgment rendered against Defendant for all profits received, directly or indirectly, from or through its acts of infringement, unfair competition and other claims set forth above and that such profits be trebled or otherwise enhanced pursuant to applicable federal and state law, including, without limitation, as noted above.

6.      That judgment be entered in favor of Plaintiff for all damages sustained on account of Defendant's infringing, deceptive, and unfair practices and that such damages be trebled or otherwise enhanced pursuant to applicable federal and state law, including, without limitation, as noted above.

7.      That Plaintiff be awarded exemplary and punitive damages, including, without limitation, as noted above.

8.      That Plaintiff be awarded its attorneys' fees and all costs in this suit, including, without limitation, as noted above.

9.      For a declaratory judgment order declaring that Defendant's Registration identified as United States Service Mark Registration number 2273201 is invalid and is to be cancelled, in whole or in part, with respect to all services for which abandonment has occurred as it relates to the registered mark, including without limitation, retail store services featuring furniture, and other services and goods as set forth in the Registration.

10.     For a declaratory judgment order declaring that Defendant's Registration identified as United States Service Mark Registration number 2273201 is invalid and is to be cancelled, in whole or in part, with respect to all services for which the registration for the mark was obtained fraudulently or contrary to the provisions referenced in 15 U.S.C. § 1064, including, without limitation, retail store services featuring furniture, and other services and goods as set forth in the Registration.

11.     That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

DATED this 24th day of March, 2016.

RAY QUINNEY & NEBEKER P.C.


  /s/ Arthur B. Berger
Lester K. Essig
Arthur B. Berger
Adam K. Richards

*Attorneys for Plaintiff At Home LC*

Plaintiff's address:

At Home LC
3174 South Highland Drive
Salt Lake City, UT 84106

1367316